**HOOVER et al. v. ECKERD'S CUT RATE MEDICINE CO., Inc.**

No. 4892.

Circuit Court of Appeals, Third Circuit.

Feb. 10, 1933.

Duell, Dunn & Anderson, of New York City (Daniel H. Kane and Clifford E. Dunn, both of New York City, and George N. Davis, of Wilmington, Del., of counsel), for appellants.

Frank H. Borden, of Washington, D. C. (Robert S. Allyn and Edward S. Higgins, both of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The two tooth paste patents Nos. 1,222,144 and 1,225,362 here involved have been discussed at full length and in much detail by the comprehensive opinion of the court below. (D. C.) 53 F.(2d) 215, 216. Having been given such full attention and discussion, as they can fairly ask for, and finding ourselves in accord with the views of the court below, there is no warrant for this court enlarging the record by a further discussion, which would simply be an effort on our part to state in different words what the court below has sufficiently and accurately so done. The underlying consideration affecting the two patents was to provide a tooth paste that will calcify the teeth and "the 'gist of the invention is to provide a calcifying dentifrice'" which would artificially do what natural saliva does and prevent dental decay. This contention the plaintiff sought by experiment and proof to establish, but, in view of testimony to the contrary, the court below, and we agree therewith, held "that the nature or extent of the porosity of the teeth, the existence of which is necessary to support plaintiffs' theory of artificial calcification of the teeth, is in the realm of debatable theory." That court accepted, and we think rightly, the view of the defendant's expert, who testified: "I do not consider those tests, as carried out, fair at all, or representative of what happens in the mouth. They were made under conditions such as can never obtain in the mouth. In the first place, let me say that these tests were made on dead teeth, and it is admitted that there may be metabolic changes in the teeth, so that there must be some difference in the teeth when they are dead and out, and the teeth when they are still in our gums connected with the nerve. * * * He added saliva in his weighing

experiments from time to time and in that fashion, of course, obtained the reaction which was in no wise representative of any reaction in the mouth. So I would say these tests are in no way comparable to anything that takes place in the mouth, and are of no value to determine whether there is any calcifying action or not,"—and held that "a calcifying dentifrice that will not calcify is of no use. It is inoperable and therefore not useful."

Without going into further detail, and without reference to other matters discussed, we limit ourselves to holding, in accord with the opinion below, that the bill was rightly dismissed.